# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHELDON L. WEINER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: K18C-02-025 RLG |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHAN J. HOLFELD, ESQ., | ) | |
| | ) | |
| Defendant. | ) | |

**Submitted:  September 17, 2021**
**Decided:  November 30, 2021**

**Upon Defendant's Motion for Summary Judgment – GRANTED.**

**ORDER**

Before the Court is Stephen Holfeld's (hereafter the "Defendant") Motion for Summary Judgment against Sheldon Weiner's (hereafter the "Plaintiff") claim of legal malpractice. Defendant requests that his Motion for Summary Judgment be granted because Plaintiff has failed to designate an expert to testify at trial. For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**.

## A. Factual and Procedural Background

On February 26, 2018, Plaintiff filed an action against Defendant, his former attorney, alleging that Defendant committed legal malpractice during his

1

representation of Plaintiff in a prior family law matter.[1] Plaintiff demanded a jury trial. On September 14, 2018, this Court issued the case's first Trial Scheduling Order, indicating that Plaintiff's Expert Discovery Cutoff Date was December 27, 2018. Ten days before this deadline, Plaintiff filed a document titled "Plaintiff's Expert Discovery Cutoff," which included a list of two lay witnesses that Plaintiff intended to call to testify, along with five documents that Plaintiff intended to introduce as exhibits at trial. This document failed to either designate an expert witness or to provide an expert witness's report, as required by Delaware law.[2]

As trial neared, Plaintiff admitted to the Court that he still had not designated an expert to testify or provide an expert's report. Following a subsequent case conference, this Court issued a Second Trial Scheduling Order. In doing so, the Court explicitly advised Plaintiff that he needed to designate an expert in order to proceed to trial. The Second Trial Scheduling Order indicated that Plaintiff's new Expert Discovery Cutoff Date would be May 18, 2020.

On May 1, 2020, Defendant sent Plaintiff discovery requests seeking, among other things, information about (1) whom Plaintiff had consulted as an expert witness in preparation for trial; (2) whom Plaintiff intended to call as an expert

---

[1] Pl.'s Summ. of the Nature of the Compl. ¶¶ 1-4. Specifically, the Plaintiff argues that the Defendant (1) "[w]as negligent [in] causing Plaintiff to lose the 40-60 custody equation on child supports"; (2) "[w]as negligent in losing the case of Petition for Specific Performance"; and (3) "[w]as negligent in losing the property settlement by not making changes on the 52d as required."

[2] Middlebrook v. Ayers, 2004 WL 1284207, at *1 (Del. Super. June 9, 2004).

witness to testify at trial; (3) the testifying expert's educational background and professional qualifications; (4) the substance of the facts and opinions to which the expert would testify at trial; and (5) a detailed summary of the grounds for each opinion that the expert would testify to at trial. The discovery request also asked Plaintiff to produce "[a]ny and all reports, draft reports, correspondence or analysis produced by any expert or outside consultant for [Plaintiff's] benefit."[3] Defendant's discovery and production requests were not extraordinary and were germane to legal malpractice litigation.

More than two months later, on August 6, 2020, Plaintiff filed his response. In reply to Defendant's detailed query about Plaintiff's intended expert witnesses, Plaintiff provided a two-paragraph answer, identifying two witnesses: (1) John Pepe and (2) Laura A. Yiengst. Plaintiff designated neither Mr. Pepe nor Ms. Yiengst as an expert witness.

Rather, Plaintiff indicated that Mr. Pepe had been present during Plaintiff's meetings with Defendant during Defendant's representation of Plaintiff in Plaintiff's prior family law matters. Plaintiff stated that Ms. Yiengst, the attorney who had represented Plaintiff's ex-wife in the prior family law matters, had attempted to gather information from Defendant during that litigation. In response to Defendant's

---

[3] Def. Stephen J. Holdfeld, Esq.'s First Req. for Produc. of Docs. to Sheldon L. Weiner ¶ 3.

request for production of expert reports, correspondence, or analysis, Plaintiff simply responded, "me and my witness" without providing any form of documentary evidence.[4] Plaintiff did not provide (1) the name of any expert he had consulted with in preparation for the litigation; (2) the name of any expert he intended to call to testify at trial; or (3) the substance of any expert's opinion or report that he intended to introduce at trial.

After receiving these answers, Defendant filed a Motion to Compel Plaintiff to Respond to Expert Discovery on September 3, 2020. This Court granted the Motion on September 25, 2020. When Plaintiff failed to amend his answers to Defendant's discovery requests or designate an expert witness pursuant to the Court's Second Trial Scheduling Order, Defendant filed this Motion for Summary Judgment. Defendant argued that, because Plaintiff had repeatedly failed to designate an expert who could testify to the applicable standard of care at trial, Plaintiff could not prove all requisite elements of a *prima facie* case of legal malpractice.

Three days later, Plaintiff submitted a "Case Status Update" letter (the "Letter") in which he stated that it was "almost impossible" to find an attorney to testify as an expert witness in his case.[5] The Letter also described Plaintiff's belief

---

[4] Pl.'s Answers to Def. Stephen J. Holdfeld, Esq.'s First Req. for Produc. of Docs. ¶ 3.

[5] Pl.'s Case Status Update Letter ¶ 2.

that his previously filed "Plaintiff's Expert Discovery Cut Off" document provided a "strong paper trail of facts and explanations."[6] Subsequently, on January 22, 2021, Plaintiff filed a response to Defendant's Motion for Summary Judgment, stating that Defendant's negligence was "so obvious as to make expert testimony unnecessary."[7] On September 17, 2021, this Court held oral argument to address Defendant's Motion for Summary Judgment. At argument, Plaintiff admitted that he still had not obtained an expert to testify at trial and requested an additional deadline extension to do so.

## B. <u>Standard of Review</u>

On a motion for summary judgment, the moving party bears the burden of showing (1) that there are no genuine issues of material fact, and (2) that he or she is entitled to judgment as a matter of law.[8] The Court must view the facts in the light most favorable to the non-moving party.[9] If the movant can make such a showing, the burden shifts to the non-moving party to demonstrate that there are material issues of fact.[10]

---

[6] <u>Id.</u>

[7] Pl.'s Resp. to Def.'s Mot. for Summ. J.

[8] <u>Keith v. Sioris</u>, 2007 WL 544039, at *5 (Del. Super. Jan. 10, 2007).

[9] <u>Id.</u> (citing <u>Weaver v. Lukoff</u>, 511 A.2d 1044, 1986 WL 17121, at *1 (Del. July 1, 1986) (TABLE)).

[10] <u>Id.</u>

To prevail on a claim of legal malpractice, the Plaintiff-client must prove (1) the employment of the attorney; (2) the attorney's neglect of a reasonable duty; and (3) that the attorney's negligence resulted in and was the proximate cause of loss to the client.[11] The Delaware Supreme Court has held that,"[i]n connection with the final element, the plaintiff must demonstrate that the underlying action would have been successful but for the attorney's negligence."[12] Further, this Court recognizes the well-settled rule that "claims of legal malpractice must be supported by expert testimony."[13] Expert testimony is required to establish the applicable standard of care which the ordinary "layman could not be expected to know."[14] Generally, failure to provide an expert is fatal to a Plaintiff's claim of professional malpractice.[15] However, expert testimony need not be provided if "the professional's mistake is so apparent that a layman, exercising his common sense, [would be] perfectly competent to determine whether there was negligence."[16]

---

[11] Id.

[12] Flowers v. Ramunno, 27 A.3d 551, 2011 WL 3592966, at *2 (Del. Aug. 16, 2011) (TABLE).

[13] Middlebrook, 2004 WL 1284207, at *5 (citing Jackson v. Lobue, 788 A.2d 528, 2001 WL 1751243, at *1 (Del. Oct. 15, 2001) (TABLE)).

[14] Larrimore v. Homeopathic Hosp. Ass'n of Del., 181 A.2d 573, 576 (Del. 1962).

[15] Addalli v. Boyer, 2020 WL 6376634, at *2 (Del. Super. Oct. 29, 2020) (citing Middlebrook, 2004 WL 1284207, at *5), aff'd, 258 A.3d 160, 2021 WL 3469196, at *1 (Del. Aug. 6, 2021) (TABLE)).

[16] Middlebrook, 2004 WL 1284207, at *5.

## C. **Discussion**

In evaluating the Defendant's Motion for Summary Judgment, the Court finds the case of Addalli v. Boyer to be instructive.[17] In that case, plaintiff brought a malpractice action against her former attorney.[18] The Court repeatedly advised plaintiff that she was required to obtain an expert witness to testify about the applicable standard of care at trial.[19] However, a year after filing her amended complaint, plaintiff still had not produced an expert or an expert's report.[20] In reviewing the defendants' subsequent Motion for Summary Judgment, the Court held that an expert's opinion was necessary to "clarify how the representation was inadequate, what damages were caused and how [plaintiff's] conduct should factor into damages, and whether the alleged inadequate representation was the proximate cause of [plaintiff's] damages."[21] The Court further opined that, had a bench trial been demanded, expert testimony on the appropriate standard of care would not have been necessary "because the Court knows the applicable standard of care."[22]

---

[17] 2020 WL 6376634, at *1.

[18] Id.

[19] See id. at *1-2.

[20] Id. at *2.

[21] Id. (quoting Lorenzetti v. Enterline, 44 A.3d 922, 2012 WL 1383186, at *1 (Del. Apr. 18, 2012) (TABLE)) (internal quotation marks omitted).

[22] Id. (quoting Cannon v. Poliquin, 2020 WL 1076051, at *1 (Del. Super. Mar. 5, 2020)).

7

However, because a jury was demanded, plaintiff's failure to produce an expert was fatal to her claim.[23]

Like the Court in <u>Addalli</u>, this Court has repeatedly advised Plaintiff that he must designate an expert to testify to the applicable standard of care at trial. As of the publication date of this Order, this Court has issued three separate Trial Scheduling Orders, instructing Plaintiff to designate an expert witness and to provide an expert witness's report for trial. Following a Case Status Conference on August 8, 2019, this Court again explicitly directed Plaintiff to identify an expert for trial. On September 25, 2020, this Court granted Defendant's Motion to Compel, thereby ordering Plaintiff to respond to Defendant's discovery requests and identify his testifying expert witness. Yet, in the three years since filing this case, Plaintiff has failed to provide any such expert. Rather, Plaintiff submits that he need not provide an expert's opinion because "the negligence of the [D]efendant in failing to perform as he had agreed is so obvious as to make expert testimony unnecessary."[24] Although Plaintiff is correct in his assertion that expert testimony is not required when the attorney's mistakes are obvious or matters of common sense,[25] this narrow exception to the general rule requiring expert testimony does not apply in the present case.

---

[23] <u>Id.</u>

[24] Pl.'s Resp. to Def.'s Mot. for Summ. J.

[25] <u>See</u> <u>Middlebrook</u>, 2004 WL 1284207, at *5.

Further, Plaintiff requested a jury trial. The applicable standard of care for an attorney in a family law matter does not constitute a matter of common sense or public knowledge. Even if Defendant's alleged mistakes were deemed "obvious" or matters of common sense, an expert's opinion would still be necessary to clarify (1) what damages were caused by the Defendant's inadequate representation; (2) if and how the Plaintiff's conduct should factor into any award of damages; and (3) whether the Defendant's alleged inadequate representation was the proximate cause of the Plaintiff's damages.[26] Because these matters are not the type "that a layman, exercising his common sense, [would be] perfectly competent to determine[,]" an expert's opinion is required.[27] Therefore, because Plaintiff will be unable to prove the third element of his claim of legal malpractice without an expert's opinion,[28] this Court finds that Summary Judgment is appropriate.

WHEREFORE, for the foregoing reasons, Defendant Holfeld's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

---

[26] Addalli, 2020 WL 6376634, at *2.

[27] Middlebrook, 2004 WL 1284207, at *5.

[28] See Keith, 2007 WL 544039, at *5.

9